## W. B. NICHOLSON *v.* SHERARD & McDORMAN.

Where a party to a suit is required to answer interrogatories in open court, the questions should be read severally to him in open court, on the day fixed for the purpose by the order of the court; he should dictate his answer to the Clerk, that they may be put of record, in the presence of the Judge and of the opposite party.

Therefore, where the answers were written by the counsel of the party interrogated, out of court, and brought into court, and sworn to in open court, and leave obtained to file them without being read to the court, and without the knowledge of the opposing counsel, *Held:* that they were not admissible in evidence.

C. C., 487, 2431, 2437.

APPEAL from the District Court of Claiborne, *Drew*, J.

*McGuire & Ray*, for plaintiff and appellant. *E. J. H. Jones*, for defendants.

BUCHANAN, J. Suit upon a joint and several note of defendants, dated 17th November, 1849, due 1st January, 1851, and payable to *J. T. Wafer*, or bearer.

Defence : failure of consideration ; that the note was given for certain lands which defendants purchased of one *James T. Wafer*, but to which the vendor had no title ; and that defendants have been compelled to purchase the lands from another person.

The first question to be decided is the admissibility of defendants' answer to the interrogatory annexed to plaintiff's petition. Plaintiff prayed that defendants should answer the interrogatory in open court. This was not done. The answers were written by counsel of defendants out of court, and were brought into court by the defendants, and sworn to in open court, and leave obtained to file those answers, without being read to the court, and without the knowledge of plaintiff's counsel.

By answering in open court, we understand that the questions should be read severally in open court to the party interrogated, who shall thereupon dictate his answers to the Clerk, the recording officer of the court, that they may be put of record, in the presence of the Judge and of the opposite party, on the day fixed for the purpose by the order of court; or if there has been no order, as in the present case, after notice to the party interrogating. We think the motion to strike out the answer to interrogatory should have prevailed.

NICHOLSON
*v.*
SHERARD.

There appears to be no ground whatever for the defence set up. It is proved by their own witness that defendants have been in the uninterrupted possession of the land mentioned in their answer ever since the date of the note sued on, to wit: the year 1849. One of the defendants, *McDorman*, has thought fit to purchase the same land twice over since that time from other persons; first, from *James Grisom*, in February, 1850; and secondly, from *E. V. Ludeling*, in November, 1853. But it has not even been attempted to be shown that either *Grisom* or *Ludeling* had a superior title to *James T. Wafer*, the payee of the note sued upon, nor indeed any title whatever. The defendants have proved a conveyance from *Wafer* to themselves of the same date as the note, November 17th, 1849. This conveyance, although the parties chose to give it the form of a penal bond, was, according to our law, a title between the parties. C. C., 2431, 2437.

Followed, as it has been, by an uninterrupted possession in the vendee, continuing to the present moment, it would be as inequitable, as it is unsanctioned by law, to absolve the defendants from the payment of the price.

The defendants have been under the strangest misconception of their legal rights. They have made out no case either for the rescission of the sale or for requiring security before paying the price—remedies given by law to the purchaser under the vendor's obligation of warranty. They do not even ask for either of those remedies. But they have got the property, and they imagine that they may also keep the price, because they have since purchased the same land from other persons. This case is not within the purview of Article 487 of the Code, because the acquisitions which defendants have made from *Ludeling* and from *Grisom* are not proved to have been made to supply a deficiency in the title which they had previously acquired from *Wafer*.

Judgment of the District Court reversed, and it is adjudged and decreed that plaintiff recover of defendants, *in solido*, two hundred and fifty-four dollars, with legal interest from judicial demand, 1st March, 1854, until paid, with costs in both courts.