(105 So. 602)

No. 26988.

### BARNHART v. GULF REFINING CO. OF LOUISIANA.

(July 13, 1925. Rehearing Denied Oct. 6, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Mines and minerals ⬤⇒79(1)—Lessor held entitled to recover payment of oil royalties to which adverse claims have been finally adjudged barred by prescription, but not where appeal still pending.**

   Lessor, who by contract permitted payments of oil royalties to be withheld because of claims of adverse interest, was entitled to recover payments for such part as to which adverse claims had been finally adjudged barred by prescription, but not as to portion or interest involved in appeal still pending.

2. **Mines and minerals ⬤⇒79(1)—Defendant could not retain property or benefit thereof and refuse to pay price, when no reason to fear it will have to pay for same to another.**

   Defendant, withholding payments of royalty interests in oil from lessor, because of adverse claims of title, could not legally or equitably retain the property or benefit of it and refuse to pay price, when there was no reason to fear that it would have to pay same to some one else.

3. **Judgment ⬤⇒714(1)—Judgments in petitory action and partition suit of adverse claimants could not support lessee's plea of res adjudicata in suit to recover royalties.**

   In suit by lessor to recover from lessee payments for royalty interests in oil under which claims of adverse claimants had been adjudged prescribed, *held*, that judgments in petitory action, or in action for partition by such adverse claimants, could not support lessee's plea of res adjudicata, having nothing to do with present case.

4. **Limitation of actions ⬤⇒165—Sale of thing belonging to another not an absolute nullity in sense that owner may not lose his claim thereto by prescription.**

   Under Civ. Code art. 2452, providing that a sale of a thing belonging to another person is null, nullity is not absolute in the sense that the owner may not lose his claim by prescription.

5. **Limitation of actions ⬤⇒165—Fact that prescription against adverse claimants was not acquirendi causa, but liberandi causa, did not affect lessor's suit to recover royalty payments withheld.**

   In lessor's suit to recover royalties in oil as to which adverse claims had been adjudged prescribed, fact that prescription against adverse claimants was not acquirendi causa, but liberandi causa, did not affect lessee's liability to make payments withheld because of such adverse claims.

Appeal from First Judicial District Court, Parish of Caddo; E. P. Mills, Judge.

Action by W. E. Barnhart against the Gulf Refining Company of Louisiana. Judgment for defendant, and plaintiff appeals. Judgment annulled, and judgment rendered for plaintiff.

Cook & Cook, of Shreveport, for appellant.

J. S. Atkinson and Frederick E. Greer, both of Shreveport (D. Edward Greer, of Houston, Tex., of counsel), for appellee.

O'NIELL, C. J. On the 5th of February, 1913, W. E. Barnhart, plaintiff in this suit, leased to the defendant, Gulf Refining Company, 22 acres of land for the production of oil and gas. The lessee paid a cash bonus and agreed to pay a royalty of one-eighth of all oil produced from the land. Barnhart was in possession of the land as sole owner, in good faith, under a title purporting to convey full ownership. The Gulf Refining

Company soon began drilling for oil and brought in several producing wells. On the 12th of April, 1913, Barnhart transferred to the Gulf Refining Company his eighth of the oil, under what is called a division order, by the terms of which, the share of the oil belonging to Barnhart became the property of the Gulf Refining Company as soon as it was received by the company, and was to be paid for at the price posted by the Gulf Refining Company for the same kind and quality of oil on the day of the receipt thereof. The division order contained this warranty obligation on the part of Barnhart, viz:

"The undersigned agrees, in case of any adverse claim of title, to furnish to the Gulf Refining Company of Louisiana satisfactory evidence of title, or, in case of failure to do so, to furnish satisfactory indemnity, upon reasonable demand, against such adverse claim or claims, and agrees that the Gulf Refining Company of Louisiana may retain the purchase price of the oil until we [I] do so, or until the dispute as to ownership is settled."

On the 7th of February, 1914, a suit was brought against Barnhart and the Gulf Refining Company, and others, by Mrs. Mary J. Liles and others, claiming a fifth interest in this and other land. Thereupon, the Gulf Refining Company, availing itself of its right under the clause which we, have quoted from the division order, withheld the price due to Barnhart for his eighth of the oil that was being produced. On the 26th of June, 1915, the district court of Caddo parish gave judgment in favor of Mrs. Mary J. Liles and others, plaintiffs in the petitory action, declaring them owners of a fifth interest in the land, and, on the 30th of June, 1919, the judgment was affirmed by this court. See Liles et al. v. Pitts et al., 145 La. 650, 82 So. 735.

On the 18th of July, 1919, Mrs. Liles and others, as owners of a fifth interest in the land, brought suit against Barnhart and the Gulf Refining Company for a partition by licitation and for a fifth of the value of all oil produced from the land, less the cost of production. In defense of the suit for the value of the oil, the defendants, Barnhart and the Gulf Refining Company, pleaded the prescription of one year, as to all oil produced before the 18th of July, 1918; i. e., a year before the filing of the suit. The district court gave judgment sustaining the plea of prescription, and condemning the Gulf Refining Company to pay to Mrs. Liles and others, as owners of a fifth interest in the land, a fifth of the net value only of the oil produced after the 18th of July, 1918, with legal interest thereon from judicial demand, which was the 20th of July, 1919. The net value of the oil was fixed at $7,173.26. At the same time, the court ordered that the land should be sold to effect a partition, and gave judgment in favor of the Gulf Refining Company and against Barnhart as warrantor for a fifth of the royalties supposed to have been paid to him during the year immediately preceding the filing of the suit; that is, for the year beginning on the 18th of July, 1918, and ending on the 18th of July, 1919. The amount of the judgment for the fifth of the royalties supposed to have been paid during that year was $1,247.04. On appeal, the judgment sustaining the plea of prescription of one year, and allowing Mrs. Liles and others pay only for the fifth of the oil produced after the 18th of July, 1918, was affirmed; and, with certain amendments, which we will refer to hereafter, the judgment in favor of the Gulf Refining Company and against Barnhart as warrantor and the order of sale to effect a partition were affirmed. See Liles et al. v. Barnhart et al., 152 La. 419, 93 So. 490. The decree became final on the 17th of July, 1922. On the 8th of January, 1923, the Gulf Refining Company bought from Mrs. Liles and others their fifth interest in the land. Thereafter, in 1923, Mrs. Liles and another, who had acquired by the decree in the petitory action of Mary J. Liles et al. v. Pitts et al., 145

La. 650, 82 So. 735, two-thirds of the fifth in-
terest in the land, and who were nonresi-
dents of the state, brought suit in the United
States District Court for the Eastern Dis-
trict of Louisiana, against Barnhart and
the Gulf Refining Company, to collect two-
thirds of one-fifth of the value of the oil
produced from the land before the 18th of
July, 1918, as to which the action had been
adjudged prescribed in the suit of Mrs. Mary
J. Liles et al. v. Barnhart et al. The defend-
ants filed a plea of res judicata, based upon
the decision rendered in the suit of Mrs.
Mary J. Liles et al. v. Barnhart et al. The
United States District Court sustained the
plea of res judicata and dismissed the suit.
There was no appeal from the judgment, and
it has become final. Later, Taylor Bickham
and others, who had acquired by the decree
in the petitory action of Mrs. Mary J. Liles
et al. v. Pitts et al., 145 La. 650, 82 So. 735,
the other third of the fifth interest in the
land, brought suit in the district court of
Caddo parish, against the Gulf Refining Com-
pany and Barnhart, to recover a third of the
fifth of the net value of the oil produced from
the land before the 18th of July, 1918, as to
which the action had been adjudged pre-
scribed in the suit of Mrs. Mary J. Liles et
al. v. Barnhart et al. The defendants again
pleaded res judicata; the plea was sus-
tained; the plaintiffs appealed; and the
suit entitled Taylor Bickham et al. v. Gulf
Refining Company, is now pending as No.
26656 on the docket of this court (—— La. ——,
—— So. ——).[1]

The present suit of Barnhart against the
Gulf Refining Company is to collect the fifth
of the value of Barnhart's eighth royalty
interest in the oil produced during the period
from the 7th of February, 1914, the date of
filing of the petitory action of Mrs. Mary J.
Liles et al. v. Pitts et al., to the 18th of July,
1918, one year before the filing of the parti-

tion suit of Mrs. Mary J. Liles et al. v. Barn-
hart et al. In other words, this suit is for
that part of the money that was due to Barn-
hart for his eighth royalty interest under the
division order, and which was withheld by
the Gulf Refining Company, and as to which
the claim of Mrs. Mary J. Liles and others
has been adjudged prescribed. The payment
was withheld under and by virtue of the
stipulation in the division order, allowing the
Gulf Refining Company "to retain the pur-
chase price of the oil" until Barnhart should
furnish satisfactory indemnity, "or until the
dispute as to ownership is settled."

In defense of this suit, the Gulf Refining
Company pleaded estoppel and res judicata,
basing the plea of res judicata upon the de-
cisions in Liles et al. v. Pitts et al., 145 La.
650, 82 So. 735, and Liles et al. v. Barnhart
et al., 152 La. 419, 93 So. 490. The theory
of the defense is that, as the suit was won
on the plea of prescription liberandi causa,
as to the fifth of the money withheld from
the payments to Barnhart, the money does
not belong to Barnhart, even though Mrs.
Mary J. Liles and her associates cannot get
it. There was judgment for the defendant,
Gulf Refining Company, rejecting Barnhart's
demand; and he has appealed from the de-
cision.

The defendant has furnished a statement,
which is admitted to be correct, showing that
the amount withheld from the payments to
Barnhart, being a fifth of his royalty inter-
est, from the day on which Mrs. Mary J.
Liles and others filed their petitory action
until the 15th of October, 1922, was $7,362.-
87. The money was payable in monthly in-
stallments, and the interest calculation,
which is also admitted to be correct, shows
that the interest at 5 per cent. from the date
of each installment to the 15th of October,
1922, amounted to $2,481.66. The claim,
therefore, for a fifth of the royalty interest
to the 15th of October, 1922, with legal in-
terest to that date, is for $9,844.53, which is

[1] Opinion not available but see table of cases in
subsequent volumes.

subject to a credit of $500 for a fifth of the bonus paid by the Gulf Refining Company to Barnhart, and interest thereon amounting to $242.35, leaving a balance of $9,102.18, claimed by Barnhart, plus legal interest on $7,362.87 from the 15th of October, 1922, until the claim is paid.

## Opinion.

[1] As to a third of the plaintiff's claim, the defense is well founded. We refer to the third that is in contest in the suit of Taylor Bickham et al. v. Gulf Refining Company, No. 26656 on the docket of this court (— La. —, — So. —). By the terms of the division order, as to that part of the fund in contest, "the Gulf Refining Company of Louisiana may retain the purchase price of the oil * * * until the dispute as to ownership is settled." In his argument of the case, the attorney for the plaintiff conceded that his demand to that extent must abide a final decision of the case of Bickham et al. v. Gulf Refining Company.

[2] The plaintiff is entitled, however, to collect the two-thirds of his claim, as to which "the dispute as to ownership is settled." The so-called division order was, in effect as in terms, a sale of the plaintiff's eighth of the oil. The defendant cannot legally or equitably retain the property or the benefit of it and refuse to pay the price, when there is no reason to fear that the defendant will have to pay it to some one else: Brown v. Reeves, 7 Mart. (N. S.) 235; Nicholson v. Sherard, 10 La. Ann. 533; City of Shreveport v. Flourney, 26 La. Ann. 709. The plaintiff here is not even chargeable with any part of the price which the defendant paid to Mrs. Mary J. Liles and others (on the 8th of January, 1923) for their fifth interest in the land from which the oil was produced; because, when the defendant bought from Mrs. Mary J. Liles and others, their claim for the value of the oil now in contest had been adjudged prescribed, and they therefore had no claim to convey to the defendant, as to the fund now in contest.

[3] The judgment that was rendered in the petitory action of Mrs. Mary J. Liles et al. v. Pitts et al., 145 La. 650, 82 So. 735, had nothing to do with the issue in the present case, and therefore cannot support the plea of res judicata. Neither did the judgment in the partition suit of Mrs. Mary J. Liles v. Barnhart et al., 152 La. 419, 93 So. 490, dispose of, or have any reference to, the question whether Barnhart or the Gulf Refining Company should have the benefit of the ruling that the claim of Mrs. Mary J. Liles and others to the fund now in contest was barred by the prescription of one year.

It is true, one of the amendments which this court made of the judgment appealed from in the partition suit of Mrs. Mary J. Liles et al. v. Barnhart et al. was to dismiss, as of nonsuit, the plaintiffs' demand against Barnhart for a fifth of the net value of the oil taken from the land; but the reason for dismissing the demand as of nonsuit was that Barnhart was a nonresident of the state and had been cited only by service upon a curator ad hoc. Counsel for the defendant argue, therefore, that the judgment sustaining the plea of prescription is not a final judgment in favor of Barnhart. That question is not an issue in this case. What the defendant here must consider is that the judgment sustaining the plea of prescription as to the fund now in contest is a final judgment in favor of this defendant, declaring that this defendant shall not be compelled to pay the fund to Mrs. Mary J. Liles or any of her associates in the litigation that caused the fund to be withheld. We are speaking, of course, of only the two-thirds of the fifth of the fund—the part that is now free from the litigation.

The attorneys for the defendant quote in their brief, as being "decisive of the issue in the instant case," the following excerpt from the opinion rendered in the partition suit

of Mrs. Mary J. Liles et al. v. Barnhart et al., viz:

"In respect to the partition of the land, it was admitted on the trial that it cannot be divided in kind, and hence a partition by licitation is necessary. In effecting the partition, there are three interests that should be considered; that of the plaintiffs, that of Barnhart, and that of the Gulf Refining Company. Each should be protected as far as possible. The three interests should be sold as one whole. In order that each may receive his or their pro rata of the proceeds of the sale, it will be necessary that the appraisement be so made that the pro rata of each may be ascertained. As the lease on the undivided one-fifth interest of the plaintiffs is null and void, the appraisement will have to be made in such a manner that plaintiffs will obtain their one-fifth of the proceeds of the sale free from the lease, and at the same time get none of the proceeds of the sale of the property on the lease [meaning such property as machinery and equipment] that belongs to the Gulf Refining Company, and so that Barnhart will get his four-fifths interest in the proceeds of the sale of the land and his pro rata interest in the royalty from four-fifths of the entire lease, yet nothing further out of the lease, or out of the property thereon [meaning such property as machinery, etc.] belonging to the Gulf Refining Company."

The statement, in the foregoing excerpt, that the lease was null as to the Liles' fifth interest in the land, is not important in the present suit. What the court meant by the expression was that the pro rata share of Mrs. Liles and her associates, in the proceeds of the partition sale that was about to be made, should be computed upon the basis that their fifth interest in the land was not burdened with the lease in favor of the Gulf Refining Company. The statement, in the excerpt, that Barnhart should get "nothing further out of the lease" than four-fifths of the proceeds of the sale of the land and his interest in the royalty from four-fifths of the lease, did not have reference to the fund now in contest, as to which the claim of Mrs. Mary J. Liles and her associates was adjudged prescribed. There was no issue in the case as to whether the Gulf Refining Company should keep the fund, or should pay it to Barnhart.

It appears that, in the partition suit, the district court gave judgment against Barnhart, as warrantor, and in favor of the Gulf Refining Company, "for $1,247.04, being one-fifth of the royalty paid to him during the year immediately preceding the institution of this suit, and up to August 31, 1919." As a matter of fact, Barnhart had not received, because the Gulf Refining Company was withholding, that fifth of his royalty for the oil taken after the petitory action was filed. The effect of the judgment against Barnhart as warrantor, therefore, was merely to hold him accountable to the Gulf Refining Company for a fifth of the sum which the Gulf Refining Company was compelled to pay to Mrs. Mary J. Liles and others, for the oil taken from the land during the year immediately preceding the filing of the partition suit. And, on appeal, the judgment was amended so as to make it so. We said:

"The judgment of the court below allows the Gulf Refining Company one-fifth of the royalties paid by it to Barnhart within one year prior to the institution of this suit. That one-fifth represents the portion of the lease from which the Gulf Refining Company was evicted. * * * The curator ad hoc for Barnhart has not complained as to the amounts thus allowed, and we find no error in the judgment in that respect. However, these amounts should be paid, in effecting the partition, to the Gulf Refining Company, out of that portion of the proceeds of the sale payable to Barnhart.

"In so far as relates to the demand of the Gulf Refining Company for judgment against its warrantor, Barnhart, for all amounts that it may be condemned to pay plaintiffs, the only amount that it has been ordered to thus pay is the sum of $7,175.26, with legal interest thereon. Out of that amount, it will get from Barnhart the royalties paid him, which have just been allowed in approving, in that respect, the judgment of the lower court. In so far as relates to the remainder of the amount that the Gulf Refining Company has been condemned to pay plaintiffs, we do not think that the warranty extends so far. Barnhart, under his warranty, is not called upon to pay the Gulf Refining Company the value of each barrel of oil

extracted from the leased premises, in the event of eviction."

[4, 5] The defendant's attorneys cite and rely upon article 2452 of the Civil Code, which declares that a sale of a thing belonging to another person is null. The nullity, however, is not absolute, in the sense that the owner of the thing may not lose his claim by prescription. It is true, the prescription which prevailed in this instance was not acquirendi causa but liberandi causa. But that makes no difference with regard to the obligation of the Gulf Refining Company to pay Barnhart for the oil which the company bought from him, and the price of which the company withheld only because of the danger of having to pay it to Mrs. Mary J. Liles and others.

The judgment appealed from is annulled, and it is now ordered, adjudged, and decreed that the plaintiff, W. E. Barnhart, recover of and from the defendant, Gulf Refining Company of Louisiana, $6,563.02 and interest thereon at 5 per cent. per annum from the 15th of October, 1922, until it is paid. As to the remaining third of the plaintiff's claim, his demand is dismissed as in case of nonsuit, to await the outcome of the suit of Taylor Bickham et al. v. Gulf Refining Company, No. 26656 on the docket of this court (—— La. ——, —— So. ——). The defendant is to pay all costs of this suit.

---

(105 So. 606)